THE STATE OF KANSAS v. L. W. HURLEY.
No. 10834.

FALSE PRETENSES—*charged in obtaining money by pretended ownership of lot, non-ownership must be proved.* In a prosecution for obtaining money by falsely pretending that the defendant was the owner of a city lot, it is incumbent on the State to prove, by competent evidence, the falsity of the pretense; and where there is an utter failure to prove that the defendant did not own the lot, the court should direct an acquittal.

Error from Reno District Court. Hon. M. P. Simpson, Judge. Opinion filed November 6, 1897. *Reversed.*

*L. C. Boyle*, Attorney General, for the State.

*H. Fierce* and *Thomas Berry*, for appellant.

ALLEN, J. The defendant was tried under an information which charged that he falsely pretended to one W. L. Johnson that he was the owner of a certain lot in Hutchinson, adjoining Johnson's home, and, by means of a sale and conveyance of the lot to Johnson, obtained from him the sum of fifty dollars, with intent to defraud; and that, in truth, said Hurley was not the owner of the lot and knew that he did not own it. He was convicted, and sentenced to confinement in the State Reformatory for a period of five years. From this conviction and sentence he appeals.

It is only necessary, in order to dispose of this case, to consider the sufficiency of the proof to sustain the conviction. Testimony introduced by the State showed that the defendant represented that he owned the lot described in the information, and that by means of a sale, and a deed executed to Johnson's wife and delivered to Johnson, he obtained from him the sum of fifty dollars. To show that the defendant had no title to the property, the State offered the evidence of

H. I. Wasson, an attorney and notary public, of Pond Creek, Oklahoma. He stated that Hurley came to his office in Pond Creek and showed him a deed, purporting to be from either Day or Goodwin to Hurley, or it might have been a deed from Goodwin to Day, purporting to have been acknowledged by Wasson, and asked him whether or not it was genuine; saying that if he (Wasson) had not made that deed he was "in the hole," because he had sold the lot to a man named Johnson, at Hutchinson, for fifty dollars, and would be fifty dollars "short" if that was not a genuine deed; that the witness told him it was not genuine and he had never seen it before; that the defendant asked what he had better do about it; that the witness advised him to write a letter to the register of deeds at Hutchinson, and the witness would place on it his official signature and seal; that Hurley then wrote a letter, which was produced in evidence and is as follows:

"Pond Creek, O. T., February 7, 1896.

"*Register of Deeds and County Attorney, Hutchinson, Kan.:* I will drop you a line. Since coming home I have learned in regard to transfer of property in your city from Joseph E Jones to Louis Winford that the deed purporting to have been made here and acknowledged by H. I. Wasson, a notary public of Pond Creek, that Mr. Wasson disclaims having taken the acknowledgment. In an interview with Mr. Wasson he said he never made out a transfer of property in Hutchinson in his life, and that he never made out a printed deed for any property. I then went down to the house and brought up my deeds and showed him the one from J. R. Goodwin to Robert L. Day, purporting to have been acknowledged before him. He said he never took the acknowledgment of it. I write you this to warn you against recording deeds purporting to be acknowledged by H. I. Wasson as notary public.

Most respectfully yours.

L. W. HURLEY, Pond Creek, O. T."

"I herewith send you a specimen of Mr. Wasson's handwriting, his signature and seal, so that you can judge for yourself.

.....................
: H. I. Wasson,   :      (This is the signature and seal.)
: Notary Public,  :
:   County L.,    :              H. I. WASSON."
:    Okl. Ter.    :
.....................

Over the objection of the defendant, the State read as evidence a statement made out in the county treasurer's office, addressed to J. R. Goodwin, Memphis, Tenn., showing the amount of taxes on a number of pieces of property, including the lot conveyed by the defendant to Johnson, to which was appended a note purporting to be signed by J. R. Goodwin, stating that he inclosed New York exchange for $22.07, and asking for a receipt for his taxes in Reno county for 1896. A stub of a tax receipt purporting to have been issued to J. R. Goodwin, describing the same property as that mentioned in the tax-statement, was also received in evidence over the defendant's objection and exception. The record of a deed from F. M. McKee and others to J. R. Goodwin for this lot and other property was read in evidence. No proof whatever was offered showing, or tending to show, that the parties making this deed ever had any title to the lot. The State seems to have assumed that Goodwin was the owner, but utterly failed to prove his title. On what theory the tax-statement and the letter from Goodwin purporting to remit a draft for the taxes was received, we are not advised. The question as to who paid the taxes for that year was not an issue in the case, and the fact of payment by Goodwin, if established by competent evidence, would fall far short of proof of title in him. The testimony of Wasson tended to show that the acknowledgment attached to the instrument purporting to be a deed from Goodwin to Day was forged, and that when Hurley was informed by Was-

son that the acknowledgment was not genuine he concluded that his title to the lot was not good. There was no proof that the deed itself was forged. From anything shown by the evidence, the signature to the deed may have been genuine although the acknowledgment was forged. It does not appear, by any fair inference from the testimony offered in the case, that the defendant had any other knowledge of facts tending to show that the deed was forged than that obtained from Wasson, and this information was given him long after the transaction for which he was prosecuted. There is no evidence showing that at the time he sold the property to Johnson he had any reason to believe his title invalid. He held a deed from Robert L. Day, the genuineness of which is shown by abundant evidence. Day delivered to him what appeared to be a valid deed from Goodwin to himself. The signature of the notary public to that deed appears to have been forged, but a genuine impression of his seal was affixed to it. All the evidence in the case is entirely consistent with the theory that at the time of the execution of the deed by the defendant to Mrs. Johnson he believed his title to be good. There is no competent evidence in the case showing that it is not good or that any person whatever had a better title. In all prosecutions for obtaining money or other valuable thing by means of false pretense, the falsity of the pretense made must be proven by competent evidence. In this case the State utterly failed to make this proof. At the conclusion of the testimony offered by the prosecution the defendant moved the court to direct a verdict of acquittal. This he was entitled to. No case had been made against him, and there was no occasion for requiring him to produce proof in his defense. The testimony afterwards given by witnesses in his behalf did not strengthen the case made against him, and

when the case was finally submitted to the jury there was still a total lack of proof of an essential element of the crime charged and he was entitled to an acquittal.

The judgment is reversed, and the cause remanded with direction to discharge the defendant.