[No. 12981.  Department Two.  February 2, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. E. H. LYNN, *Appellant*.[1]

FALSE PRETENSES — ELEMENTS OF OFFENSE — MISREPRESENTING EX-
ISTING FACT.  To constitute grand larceny committed by color or aid
of any fraudulent or false representation, under Rem. & Bal. Code,
§ 2601, the representation must be of an existing or past fact.

SAME—FALSE REPRESENTATIONS—EXISTING FACTS—EVIDENCE—SUF-
FICIENCY.  A charge of grand larceny by inducing the prosecuting
witnesses to invest in a corporation to be organized to do a grocery
business, by falsely representing that defendant "had $4,000 in cash
at the time" received from the sale of two stores in the city of S.
which he would invest in the business, is not sustained where the
proof merely went to show that defendant did not put more than
$225 worth of groceries into the business.

Appeal from a judgment of the superior court for Sno-
homish county, Alston, J., entered March 17, 1915, upon a
trial and conviction of grand larceny.  Reversed.

*Shepard, Burkheimer & Burkheimer*, for appellant.

*O. T. Webb, Percy Gardiner*, and *E. C. Dailey*, for re-
spondent.

MAIN, J.—The defendant in this case is charged with the
crime of grand larceny.  Whether by the information it is
intended, under Rem. & Bal. Code, § 2601 (P. C. 135 § 695),
to charge larceny by "color or aid of any fraudulent or false
representation," or larceny by embezzlement, or both, does
not clearly appear.  From a reading of the state's testimony
and the remarks of the trial judge, it would appear that, up
to the time when the state rested its case, there was an at-
tempt to prove larceny by embezzlement.  When the evidence
in chief for the state was in, the defendant moved for a di-
rected verdict, claiming that the evidence was insufficient to

[1]Reported in 154 Pac. 798.

establish any crime, and that the venue was improperly laid
in Snohomish county. In denying this motion, the trial court
required the state to elect whether it would have the cause
go to the jury under the claim that the crime was committed
by false and fraudulent representations or by embezzlement.
The state concluded to interpret the information as charg-
ing the crime of larceny by false and fraudulent representa-
tions. Thereupon the evidence upon behalf of the defendant
was introduced and the cause was submitted to the jury. A
verdict of guilty was returned. Motion for a new trial being
made and overruled, the defendant appeals from the sentence
and judgment.

The facts, briefly stated, are: On June 18, 1914, and for
some time prior thereto, the prosecuting witness, one J. B.
Waggett, was operating an automobile truck between Seattle,
in King county, and Cathcart, in Snohomish county, Wash-
ington, with his residence in Seattle. On that day the ap-
pellant called upon Waggett for the purpose of engaging
him to haul certain store fixtures from Seattle to Cathcart.
Prior to this date, the parties had no acquaintance. In the
course of the conversation relative to the hauling of the
store fixtures, Lynn told Waggett that he was going to
organize a corporation to conduct a grocery business at
Cathcart in a certain store building there situated, which
he had previously leased, and that the store fixtures which
he was desiring to move were to be used in such business.
Waggett then told the appellant that he, Waggett, also con-
templated starting a store at the same place. The question
of Waggett taking stock and becoming interested in the cor-
poration to be organized by the appellant was discussed at
that time by the parties. Waggett claims, and he so testi-
fied, that the appellant told him that he had sold two stores
in Seattle for $4,000, and that if Waggett would invest $800
or $1,000, the appellant would invest $4,000 in cash in the

business enterprise. Waggett gave a somewhat different version, which it is unnecessary here to detail.

On June 20, Waggett hauled the fixtures from Seattle to Cathcart. About a week later, Waggett went to Cathcart and began constructing partitions in the rear end of the store building which was to be occupied by the business, preparatory to moving his family therein, which he did on July 8, following.

Articles of incorporation for the Cathcart Grocery & Mercantile Company were duly prepared and filed, a certificate of incorporation being issued on July 14, 1914. Thereafter, and on July 17, the appellant and wife turned over to the corporation in payment for stock subscribed for by them, real and personal property listed at the value of $4,352.31. On July 20, 1914, Waggett, in Seattle, King county, paid to the corporation $300 in cash, and turned over a note of the face value of $500. Thereupon sixteen shares of the capital stock of the corporation of the par value of $50 per share were issued and delivered to him.

After the store was opened, both Waggett and the appellant worked therein. The business was conducted some months, when it became insolvent and a receiver was appointed. After the appointment of the receiver, Waggett filed a verified claim with the receiver in which he stated that the $300 was a loan to the corporation. Upon the trial, Waggett testified that there was not placed in the store more than $225 worth of merchandise.

The controlling question in this case is whether the evidence shows that the appellant was guilty of grand larceny committed by color or aid of any fraudulent or false representation. It is claimed that the false representation consisted in the appellant's statement that he had $4,000 in cash as the result of the sale of two stores, when in fact he did not have that amount, or any sum in excess of $100.

A false and fraudulent representation, under the statute, in order to constitute a crime, must be of an existing or past

fact. 2 Bishop, New Criminal Law, § 415; 1 McClain, Criminal Law, § 678. The falsity of a fact, past or present, being one of the elements of the crime, it was incumbent on the state to prove that the appellant did not in fact have $4,000 in cash at the time it is claimed he so represented. *State v. Hurley*, 58 Kan. 668, 50 Pac. 887.

The articles of incorporation of the Cathcart Grocery & Mercantile Company state its objects, among other things, to be to conduct a general mercantile business for the purpose of purchasing and selling of all kinds of groceries and merchandise, and to acquire, by purchase or otherwise, real and personal property of every kind and description. A number of other purposes are also set out, such as usually appear in articles of incorporation.

The evidence relied upon to show the falsity of the statement as to the $4,000 is that of the complaining witness that not more than $225 worth of groceries were put into the business. This, obviously, does not disprove the statement attributed to the appellant that he had sold two stores in Seattle and had received therefrom $4,000 in cash which he expected to put into the business. For aught that appears in the evidence, he may have had the $4,000 as it is claimed he said he had. The evidence is doubtless sufficient to cast suspicion upon the truthfulness of his alleged claim that he had $4,000 in cash. But if he is guilty of a crime, all the elements of the crime must be established by competent evidence, and the conviction cannot be sustained unless the evidence was such that the jury had a right to find that all the elements of the crime were proven beyond a reasonable doubt.

It may well be doubted whether the venue was properly laid in Snohomish county, construing the information as charging the crime as being committed by color or aid of false and fraudulent representations. But it is not necessary to decide this question, since the other question discussed is decisive of the action.

The judgment will be reversed, and the cause remanded with directions to dismiss.

MORRIS, C. J., BAUSMAN, HOLCOMB, and PARKER, JJ., concur.