[No. 18321.  Department One.  April 17, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. CAL HUNT, *Appellant*.[1]

INTOXICATING LIQUORS (47)—PROSECUTIONS—ISSUES AND PROOF—PRIOR CONVICTIONS. In a prosecution for the unlawful possession of intoxicating liquor, charging also a prior conviction, it is not necessary to prove the prior conviction to warrant a verdict of guilty of having liquor in possession only.

CRIMINAL LAW (452, 453)—APPEAL—HARMLESS ERROR—INSTRUCTIONS—ERROR FAVORABLE TO APPELLANT. Error in instructions placing too heavy a burden upon the state is not prejudicial to defendant.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 21, 1922, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*William S. Lewis,* for appellant.

*Chas. H. Leavy, M. R. Morton,* and *Edward M. Connelly,* for respondent.

PER CURIAM.—On this appeal from judgment based upon a verdict of the jury finding the appellant guilty of having intoxicating liquor in his possession, the

[1]Reported in 224 Pac. 932.

state concedes that the jury was improperly instructed, but contends that the instructions were not prejudicial, and in fact were to the advantage of the appellant. The court instructed the jury that, under the information charging appellant with unlawful possession of intoxicating liquor with intent to sell the same, and also that the appellant had theretofore been convicted of the crime of having liquor in his possession, it was necessary for the state to prove that the appellant had the intoxicating liquor for the purpose of sale, and also his prior conviction, in order for the jury to return a verdict of guilty as charged in the information, and that it was necessary for the state to prove, in order to warrant a verdict of guilty of the included crime of having liquor in possession, in addition to the fact of possession, the prior conviction. This, of course, was a greater burden upon the state than the law imposes. The jury returned a verdict of guilty of possession only. The sentence of the court was within the limit provided for that offense and was not affected by § 7339, Rem. Comp. Stat. [P. C. § 3194], which provides that, upon a second conviction of unlawfully possessing intoxicating liquor, the fine and imprisonment are materially increased from that provided for a first conviction. As contended by 'the state, the error was in favor of the appellant, and therefore there is no reason to reverse the case.

Judgment affirmed.