[No. 39128. Department One. July 20, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. MARCUS H. RENHARD, *Appellant.**

*Marion Garland,* for appellant (appointed counsel for appeal).

*Marcus H. Renhard,* pro se.

*Nathan G. Richardson* and *Paul E. Froude,* for respondent.

ROSELLINI, J.—The appellant was charged with the crime of larceny by means of fraudulent or false representations and was found guilty by a jury. On appeal, he raises three contentions, only one of which needs to be considered, inasmuch as it requires a reversal of the judgment.

The evidence showed that the appellant, who was president and organizer of a plywood corporation which ob-

*Reported in 430 P.2d 557.

tained permission of the Securities Division of the Department of Licenses to sell its preferred stock to the public, obtained two checks of the corporation and appropriated the proceeds to his own use. One of these checks was in the amount of $1,400 and the other was in the amount of $650. The only income of the corporation at that time was from the sale of stock and borrowing, inasmuch as it was still in its formative stages.

Checks of the corporation were required to be signed by the appellant and by the assistant secretary, who was a woman employed in the office of the corporation. She testified that she had no authority to refuse to sign a check and signed checks when she was told to do so by the appellant or by other directors. In other words, her signature appeared on the checks simply as a precaution against forgery.

When the appellant asked the assistant secretary for the two checks in question, he told her that they were to pay for equipment for the corporation. He used them, however, to pay for property which he was purchasing for his own use.

The state did not attempt to show that the appellant was not entitled to the money, but rested after showing that he had obtained the checks and misrepresented to the assistant secretary the use which he intended to make of them. The trial court ruled that the burden had shifted to the appellant to show that he was entitled to the money. This he attempted to do by testifying that it represented earned salary which had been agreed upon by the directors and which was shown in the prospectus of the corporation.

In rebuttal to this testimony, the state offered evidence that the corporation was authorized to spend no more than 2 per cent of the proceeds of the sale of preferred stock on commissions and other expenses. There was, however, no showing that this 2 per cent was exceeded when the checks were drawn.

The court instructed the jury that it should find the appellant guilty if it found that he obtained the money by means of fraudulent representations, defining the crime of

larceny according to the language of RCW 9.54.010(2), which provides that every person who, with intent to defraud or deprive the owner thereof,

Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; . . .

shall be guilty of larceny.

Instruction No. 9 defining "false or fraudulent representation" was as follows:

A false or fraudulent representation as used in these instructions is an untrue statement of an existing or past fact by one who knows it is not [to be] true, which is designed to induce the person to whom it is made to commit some act or to do something which the person would not have done had the false or fraudulent representation not have been made. As used in these instructions, "intent to deprive or defraud the owner thereof" means a purpose to obtain [a] property of another by wrongful means or acts. If you find beyond a reasonable doubt that false and fraudulent representations were made in this instance in order to obtain property involved here, you may infer an intent to deprive or defraud the owner from the fact that such false and fraudulent representations were made.

■ The appellant correctly points out that the state failed to prove a vital element of its case, namely that the checks would not have been issued had the false representations not been made. The record is devoid of evidence that the directors of the corporation would have refused to approve the payment of these funds to the appellant as salary, had he specified that that was the purpose for which he was drawing them, or that the assistant secretary would have refused to sign the check. Furthermore, the appellant had lawful control of the funds of the corporation, and these checks were, in effect, drawn by him.

The respondent does not attempt to justify the giving of the instruction, but rather endeavors to sustain the verdict on the ground that the evidence showed a violation of RCW 9.54.010(3), defining the crime of larceny by embezzlement by persons having lawful possession of property, who thereafter appropriate it to their own use unlawfully. That subdivision describes such a person as one who

Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; . . .

The court did not instruct the jury on this subdivision of the statute, nor do the allegations of the information fall under this section. Had the court instructed on both sections of the statute, and had the prosecution offered evidence that the appellant was not entitled to use the funds for his own benefit, we might be inclined to hold that the additional instruction defining larceny by means of fraudulent misrepresentations was harmless error. See *State v. Hunt,* 129 Wash. 290, 224 Pac. 932 (1924).

However, it must be borne in mind that the trial court, concluding at the close of the prosecution's case that it had established that the funds were *obtained* by means of fraudulent representations, held that it did not have the burden of showing that the appellant was not entitled to use the funds for his own benefit. We need not decide whether that was a correct ruling as regards the burden of proof. It is clear that unlawful appropriation is an element of the crime as it is defined in subdivision (3), the only section applicable to the facts of this case, as shown by the record before us.

It is axiomatic that the state has the burden of proving every element of the crime charged. *State v.*

*O'Dell,* 46 Wn.2d 206, 279 P.2d 1087 (1955). Since the prosecution failed to offer evidence on which the jury could find, beyond a reasonable doubt, that the appellant was not authorized to retain the funds as earned salary, the evidence is insufficient to sustain the verdict, assuming that the jury had been instructed according to the provisions of subdivision (3) of the statute.

The fact that the appellant misrepresented the use to which he intended to put the funds, or changed his mind after he had obtained the checks and failed to advise the secretary of this fact, while it was not the most commendable behavior, still was not criminal in and of itself. Unless the representations were calculated to and did induce the corporation, acting through an agent authorized to act on its behalf, to part with its funds when it would not have done so had the true intent been exposed, there was no larceny. And there was no evidence that this was the case. It may be conjectured that it was, but conjecture will not support a verdict.

The judgment is reversed.

FINLEY, C. J., WEAVER, J., and BARNETT, J. Pro Tem., concur.