[No. 39254. Department One. February 8, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES MILTON BRYANT, *Appellant.*\*

\*Reported in 437 P.2d 398.

*Murray & Hanna*, by *Robert F. Murray*, for appellant (appointed counsel for appeal).

*E. R. Whitmore, Jr.* and *David J. Whitmore*, for respondent.

WEAVER, J.—January 24, 1966, a jury returned a verdict of guilty of grand larceny against defendant. January 25, 1966, a supplemental information was filed that charged defendant with being an habitual criminal. June 30, 1966, a second jury found defendant to be an habitual criminal as charged. September 29, 1966, defendant was sentenced to life imprisonment, pursuant to RCW 9.92.090.

Appellate court-appointed counsel represented defendant on the second jury trial but not on the first.

It was charged that defendant

wilfully, unlawfully, and feloniously, with intent to deprive or defraud the owner thereof, [did] obtain from the owner . . . possession of property of more than $75.00 in value, to-wit: a 1957 Chevrolet 210 . . . by color or aid of fraudulent or false representation, personation or pretense or by trick, device or bunco game,

. . . .

The charge is almost verbatim from RCW 9.54.010 (2).

Defendant's first assignment of error is that the evidence does not prove the crime with which defendant was charged—larceny under RCW 9.54.010 (2); but, at most, only tends to show possible embezzlement, pursuant to RCW 9.54.010 (3), with which defendant was not charged. The distinction between the two sections of the same statute, and the proof necessary to sustain each, is pointed out with clarity in *State v. Renhard,* 71 Wn.2d 670, 430 P.2d 557 (1967). In *Renhard,* defendant was charged with the crime of larceny by means of fraudulent or false representations. The court reversed the conviction, for the evidence only indicated embezzlement with which defendant was not charged. *Renhard,* however, is not apposite to the instant case.

About 7 p.m. August 14, 1964, defendant went to a used-car lot, attended by the salesman, Mr. Albin, to trade his present automobile and secure a better one. Having found the car he desired, defendant agreed to the terms of the sale. Mr. Albin, because he knew defendant, allowed him to take the newly-purchased car home, leaving his old car at the lot as a trade-in, with an executed power of attorney to transfer title. Defendant was explicitly and expressly advised that he was to return the following morning so the sales manager could prepare and execute the papers necessary to complete the sale. Mr. Albin testified that he would not have permitted defendant to take the car had he not promised to return the next morning to complete the transaction.

Defendant failed to return. Mr. Albin made numerous attempts to locate him. He went to his place of employment and to his residence. He left a note on the car, on one occasion, when he located it at defendant's rooming house; he had the landlady "scotch-tape" a note on defendant's apartment door on Saturday, August 22. The following Tuesday, August 25, the landlady entered defendant's room. She found the note in the room and discovered that defendant had moved out without notice, even though his rent was paid until September 4, 1964.

The car was located in O'Dell, Oregon, March, 1965. The motor had been removed; it was on blocks and had to be sold for junk.

It is axiomatic that the state has the burden of proving every element of the crime charged. *State v. Renhard,* 71 Wn.2d 670, 430 P.2d 557 (1967). One of the elements of proof of larceny by fraud is evidence of a misrepresentation of existing or past facts (*State v. Lynn,* 89 Wash. 463, 154 Pac. 798 (1916)), although the false representation need not be the sole cause that induced the victim to yield possession. *State v. Peterson,* 190 Wash. 668, 672, 70 P.2d 306 (1937).

In *State v. Konop,* 62 Wn.2d 715, 718, 384 P.2d 385 (1963), the court said:

> Whether one intended, at a specified time, to defraud another of his property is a question of fact to be resolved by the trier of the facts.

There is sufficient evidence, if believed by the jury, to support the conclusion that on August 14, 1964, when defendant took possession of the automobile, he represented to Mr. Albin that he intended to return the next morning and complete the transaction when in fact he did not intend to return; hence, a fraudulent representation was made in order to convert the automobile to his own use.

We find no merit in defendant's first assignment of error. Defendant assigns error to instructions 11, 13, 14 and 16.

Adequate exception was not taken to instruction No. 11, which defines the elements of a fraudulent representation,

so we cannot consider it. We consider the other instructions in order.

Defendant assigns error to instruction No. 13, which, in defining false representation, states that it is sufficient if the false representation "to some degree operated to induce" Mr. Albin to part with the automobile. We find the instruction proper. *State v. Peterson, supra; State v. Kulbe,* 67 Wash. 21, 120 Pac. 510 (1912).

 Instruction No. 14 states that "fraudulent intent may be inferred from the retention for a long period of time, without a satisfactory explanation, of property to which one has no right." We do not approve the words "without a satisfactory explanation," but we do not deem it reversible error. This language is used in the court's opinion in *State v. Sullivan,* 129 Wash. 42, 51, 224 Pac. 586 (1924). We deem it appropriate in the instant case, for it is germane to a determination of defendant's intent on the evening in question.

Instruction No. 16 defines the consideration the jury may give to defendant's "flight." It is argued that the instruction was prejudicial because defendant did not leave town for at least a week after the alleged larceny.

 Although the circumstances or inferences of flight must be substantial and real, not speculative, conjectural, or fanciful (*State v. Bruton,* 66 Wn.2d 111, 401 P.2d 340 (1965)), we conclude that there is sufficient evidence to justify the instruction. Defendant knew Mr. Albin was seeking him and had had a note attached to the door of his room. This, together with the evidence that defendant left unannounced before his rent had expired, is sufficient to allow the jury to consider whether his departure was prompted by a feeling of guilt and fear of prosecution.

We turn now to the assignments of error directed to defendant's trial upon the supplemental information that charged him with being an habitual criminal by reason of his having been twice previously convicted of grand larceny: once in Chelan County, in 1958, and once in Yakima County in 1949.

■■ RCW 9.92.090 does not create a crime; it merely prescribes an increased punishment for repetitious violators. *State v. Price*, 59 Wn.2d 788, 370 P.2d 979 (1962). Defendant is entitled to have a jury make the determination of his being an habitual criminal (*State v. Furth*, 5 Wn.2d 1, 104 P.2d 925 (1940)), but the proceeding is cumulative. It is still a part of the original felony case. *State v. Kelch*, 114 Wash. 601, 195 Pac. 1023 (1921). There is no need to allege the present conviction in the supplemental process to determine defendant's sentence. In *State v. Domanski*, 9 Wn.2d 519, 115 P.2d 729 (1941), the court stated:

> While tried separately, the habitual criminal charge was part of the case upon which the defendant had just been convicted.

If the jury finds that the defendant has been convicted of the crimes alleged in the supplemental information, the sentence prescribed by the statute is mandatory.

The only substantial error claimed by defendant is that the state introduced no evidence that the first jury had convicted him of grand larceny. Instead, by instruction No. 2 given in the second trial, the court stated:

> [O]n January 24, 1966, the defendant . . . was convicted of the crime of grand larceny. He is now awaiting sentencing in that matter. Prior to the imposition of sentence, it is necessary that a determination be made as to whether or not the defendant is an habitual criminal. In that regard, the defendant . . . has been charged by a Supplemental Information filed by the State of Washington with being an habitual criminal as follows . . . .

Further, by instruction No. 8 the court informed the jury of defendant's current larceny conviction.

We do not agree with defendant's contention that these instructions constitute a comment on the evidence, and, in effect, directed a verdict against him. They are only an explanation of the present posture of the case. Under the statute, the sole function of the second jury is to determine whether defendant had been convicted of two prior felonies as alleged in the supplemental information.

We need not decide whether it was even necessary to give instructions 2 and 8. Having been given, we find them nonprejudicial.

From our review of the record, we are convinced that the defendant had fair and impartial trials free from prejudicial error.

The judgment and sentence is affirmed.

FINLEY, C. J., HILL and ROSELLINI, JJ., and OTT, J. Pro Tem., concur.