[No. 275-40818-1.　Division One.　May 25, 1970.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. STEVE CARL EIDE, *Appellant.*

*Michael R. Alfieri,* for appellant.

*Charles O. Carroll, Prosecuting Attorney,* for respondent.

WILLIAMS, J.—Defendant was charged, tried to a jury and convicted of grand larceny and attempted grand larceny, both by bank money order. He has appealed.

The evidence as to each count was substantially the same. Bank money orders of the National Bank of Commerce had been stolen from the printers. These money orders were essentially in the form of checks and required

the signature of the bank's customer as drawer, the name of the payee, and the payee's endorsement. For control purposes, the checks were to have been serialized, but this had not yet been accomplished when they were stolen.

The first order with the amount of $200 imprinted by a check protector was presented by appellant to a teller at one of the bank's branch offices. The teller asked for and received identification, then cashed it. Appellant's true name appeared as payee, and he also endorsed with his own name. The drawer was Dave Asher.

A few days later, appellant presented a similar order for $175 to a different branch of the same bank. An employee recognized appellant's name as being on a bank warning bulletin, and called the police. Appellant was then arrested.

The principal assignment of error is directed to the court's refusal to dismiss the charges because the state's evidence was insufficient to prove criminal intent. The state proved that (1) the orders had been stolen, (2) the serial numbers which should have been on the instruments were missing and (3) appellant presented each one for payment. The state did not prove that appellant knew the orders had been stolen, or that the absence of the serial numbers thereon was of any significance to him. Counsel for the prosecution in oral argument to this court candidly acknowledged that the state had failed in its proof in this regard. If appellant did not know the orders were fraudulent, he did not have the required criminal intent. *State v. Etheridge,* 74 Wn.2d 102, 443 P.2d 536 (1968). As far as the proof offered by the state is concerned, the teller had more reason to question the instruments than appellant.

■ As sometimes happens, the appellant, in his defense, supplied the evidence from which reasonable inferences could be drawn which would support the verdict of the jury. It is settled that a challenge to the sufficiency of the evidence at the close of the state's case is waived by the defendant's election to introduce substantive evidence on his own behalf. *State v. Hendrickson,* 1 Wn. App. 61, 459 P.2d 55 (1969); *Seattle v. Ruffin,* 74 Wn.2d 16, 442 P.2d 619

(1968); *State v. Thomas,* 52 Wn.2d 255, 324 P.2d 821 (1958). This rule applies even though the trial court either fails to rule or reserves ruling, for either one is tantamount to a denial of the motion, and the defendant proceeds to offer testimony at the risk of bolstering the prosecution's case. *Hector v. Martin,* 51 Wn.2d 707, 321 P.2d 555 (1958); *United States v. Rosengarten,* 357 F.2d 263 (2d Cir. 1966); *United States v. Goldstein,* 168 F.2d 666 (2d Cir. 1948). *See also* P. Trautman, *Motions Testing the Sufficiency of Evidence,* 42 Wash. L. Rev. 787 (1967) at 796.

In the case under review, appellant at the end of the state's case started to move to dismiss, but was told by the trial judge that he could do so later without waiving his rights. He then testified in his own behalf. The motion to dismiss, as made at the conclusion of the trial, challenged "the sufficiency of the State's evidence to prove the defendant guilty under the charge made . . ." and more specifically, the failure to prove intent. The defendant had a right to rely upon the assurance of the trial court that he could introduce evidence without waiving his challenge to the sufficiency of the evidence at the close of the state's case. To hold otherwise would deprive defendant of a valuable right, *i.e.,* the requirement that the state must establish its case beyond a reasonable doubt, without assistance from the defendant. *State v. Adams,* 76 Wn.2d 650, 458 P.2d 558 (1969); *State v. Renhard,* 71 Wn.2d 670, 430 P.2d 557 (1967). As has been noted, this right may be waived, but it was not in this instance. We consider that the motion to dismiss was directed only to the evidence introduced by the state. Since that evidence was insubstantial, the motion to dismiss should have been granted. *State v. Kane,* 72 Wn.2d 235, 432 P.2d 660 (1967).

Reversed and dismissed.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied July 8, 1970.