[No. 46231. En Banc. April 17, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. EARLE A. BARTON, *Petitioner*.

302

*Kenneth G. Johnson,* for petitioner (appointed counsel for appeal).

*John Panesko, Jr., Prosecuting Attorney,* for respondent.

DOLLIVER, J.—This case presents the issue of whether a defendant, upon entering a plea of guilty, must be informed of the possibility of sentence enhancement under the habitual criminal statute, RCW 9.92.090. We hold that neither constitutional due process nor CrR 4.2(d) requires that a defendant be advised of a possible habitual criminal proceeding.

On or about May 16, 1977, defendant was arraigned on charges of possessing stolen property in the first degree, count 1; taking a motor vehicle without permission, count 2;

and possessing stolen property in the second degree, counts 3 and 4. Defendant entered a plea of not guilty on each count.

Thereafter, pursuant to a plea bargain, defendant entered a plea of guilty to count 1 of the amended information charging him with possession of stolen property in the first degree. As a part of the plea bargain, the prosecutor agreed to recommend probation if defendant had no prior felonies (adult or juvenile), nor more than three misdemeanors. Defendant was advised by the court that the maximum sentence which could be imposed was 10 years' confinement, a $10,000 fine, or both. The possibility of enhancing the maximum sentence to life imprisonment under the habitual offender statute was never mentioned by the trial court nor by defendant's counsel.

Subsequent to defendant's plea of guilty, the prosecutor discovered defendant's real name was Elvie Earl Turner and that Turner had three prior felony convictions, one each in Oklahoma, Texas and Virginia. The prosecutor filed a supplemental sentencing information pursuant to RCW 9.92.090 accusing defendant of being an habitual offender. Prior to trial on the supplemental sentencing information, defendant filed a motion to withdraw his guilty plea on the ground that the plea was not voluntary as it took place without the full understanding of the consequences of his plea. The motion was heard and denied prior to sentencing on the original conviction.

At trial, the court found defendant to have two prior felony convictions; he was adjudicated an habitual offender; and sentenced to life imprisonment. Defendant appealed the decision to the Court of Appeals. His court appointed counsel filed an *Anders* brief and a motion to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 396, *rehearing denied,* 388 U.S. 924, 18 L. Ed. 2d 1377, 87 S. Ct. 2094 (1967). In an unpublished opinion, the Court of Appeals affirmed the judgment and granted defendant's counsel's motion for leave to withdraw.

We granted defendant's pro se petition for review. Defendant seeks reversal of the decision or remand to the trial court with instructions to allow him to withdraw his plea of guilty and conduct a new trial or in the alternative to dismiss the charges.

It is a violation of due process to accept a guilty plea without an affirmative showing that the plea was made intelligently and voluntarily. *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Moreover, in addition to the minimum requirements imposed by the constitution, criminal pleas are governed by rules of court. CrR 4.2, modeled after rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C., app. at 1416–17 (1977), establishes requirements beyond the constitutional minimum. It provides:

> **(d) Voluntariness.** The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and *the consequences of the plea.* The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

(Italics ours.) The record of a plea hearing or clear and convincing extrinsic evidence must affirmatively disclose a guilty plea was made intelligently and voluntarily, with an understanding of the full consequences of such a plea. *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976).

Defendant contends that he was not fully informed of the consequences of his guilty plea because the State did not advise him that habitual criminal proceedings could be filed against him if he had two or more prior felony convictions. RCW 9.92.090 provides, in part:

> Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times

convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, [shall be adjudged to be an habitual criminal and] shall be punished by imprisonment in the state penitentiary for life.

Defendant claims that he would not have entered a plea of guilty had he known that the plea would entail an enhanced sentence of life imprisonment.

Defendant must be advised of the maximum sentence which could be imposed prior to entry of the guilty plea. CrR 4.2(g); *In re Vensel*, 88 Wn.2d 552, 564 P.2d 326 (1977); *State v. Tourtellotte*, 88 Wn.2d 579, 564 P.2d 799 (1977); *In re Williams*, 21 Wn. App. 238, 583 P.2d 1262 (1978). An habitual criminal supplemental sentencing information becomes a part of the original felony (*State v. Bryant*, 73 Wn.2d 168, 437 P.2d 398 (1968)), and provides increased punishment for the last offense. *State v. Kelly*, 52 Wn.2d 676, 328 P.2d 362 (1958). However, neither the constitution nor CrR 4.2(d) requires that a criminal defendant be advised of the possibility of habitual criminal proceedings prior to the entry of a plea of guilty. *State v. Johnston*, 17 Wn. App. 486, 564 P.2d 1159, *review denied*, 89 Wn.2d 1007 (1977). Both defense counsel's *Anders* brief and the Court of Appeals relied entirely on *Johnston*.

■ We agree with the analysis in *Johnston*. Defendant must be informed of all the direct consequences of his plea prior to acceptance of a guilty plea. On the other hand, defendant need not be advised of all possible collateral consequences of his plea. *Cuthrell v. Director*, 475 F.2d 1364 (4th Cir. 1973). The distinction between direct and collateral consequences of a plea "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment". *Cuthrell*, at 1366.

■ We hold that an habitual criminal proceeding is a collateral consequence of a guilty plea. An habitual proceeding is not automatically imposed after a defendant has entered a plea of guilty even if the defendant has two or

more prior felonies. Rather, the prosecuting attorney has discretion on whether to file habitual proceedings conditioned on the requirement that prosecutorial discretion "must be tempered by procedural due process". *State v. Gilcrist,* 91 Wn.2d 603, 614, 590 P.2d 809 (1979); *State v. Lee,* 87 Wn.2d 932, 558 P.2d 236 (1976). Moreover, defendant's status as an habitual offender is determined in a subsequent independent trial in which defendant has the right to counsel, the right to subpoena and cross–examine witnesses, the right to discovery, and the right to a trial by jury. *State v. Lee, supra.* Any enhancement of defendant's sentence is a collateral rather than a direct result of defendant's guilty plea. Therefore, defendant need not be advised of the possibility of an habitual criminal proceeding.

Since we hold an habitual proceeding is not a direct consequence of a plea of guilty and defendant's plea was voluntary and made with an understanding of the full consequences of his plea, the requirements of due process are satisfied. *Wood v. Morris, supra.* Denial of defendant's motion to withdraw his guilty plea under these circumstances did not violate due process of law as guaranteed by the fourteenth amendment to the United States Constitution and Const. art. 1, § 3. *See State v. Krois,* 74 Wn.2d 404, 445 P.2d 24 (1968).

Moreover, the criminal rules do not compel the court to allow defendant to withdraw his guilty plea. CrR 4.2(f) provides:

> The court shall allow a defendant to withdraw his plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice.

Failure to understand the consequences of a plea independently establishes a "manifest injustice" and would require a trial court to allow defendant to withdraw his guilty plea. *State v. Taylor,* 83 Wn.2d 594, 521 P.2d 699 (1974). No manifest injustice has occurred in this case as an habitual proceeding is not a direct consequence of a plea of guilty. Therefore, defendant's guilty plea stands.

■ Nevertheless, this case must be remanded to the trial court. At the time the habitual criminal proceeding was filed, Lewis County had a mandatory policy of filing habitual proceedings automatically when three or more prior felonies existed on a defendant's record. *State v. Pettitt,* 93 Wn.2d 288, 609 P.2d 1364 (1980). This violates the constitutional mandate that prosecutorial discretion in filing an habitual criminal proceeding must meet the requirements of procedural due process. *State v. Pettitt, supra; State v. Gilcrist, supra.*

We remand this case with instructions to the prosecuting attorney to use appropriate discretion to determine whether habitual proceedings should be filed against defendant. The conviction based on the plea of guilty is affirmed.

UTTER, C.J., and STAFFORD, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.

ROSELLINI, J. (dissenting)—I concur in the opinion of Dolliver, J., except that I dissent to that part which remands the case to the trial court to consider whether the prosecutor used proper discretion in filing the habitual criminal proceeding. See my dissent in *State v. Pettitt,* 93 Wn.2d 288, 297, 609 P.2d 1364 (1980), for reasons why this cause should not be remanded.

The record discloses that the petitioner was arraigned on charges of possession of stolen property in the first degree (count 1), taking a motor vehicle without permission (count 2), and possessing stolen property in the second degree (counts 3 and 4).

Thereafter, pursuant to a plea bargain, petitioner entered a plea of guilty to count 1 of the amended information charging him with possession of stolen property in the first degree. As a part of the plea bargain, the prosecutor agreed to recommend probation if petitioner had no prior felonies (adult or juvenile), nor more than three misdemeanors.

Following petitioner's plea of guilty, the prosecutor discovered that his real name was Elvie Earl Turner and that Turner had three prior felony convictions, one each in Oklahoma, Texas and Virginia. He then filed a supplemental information accusing the petitioner of being a habitual offender.

It also appears from the record that the petitioner used an alias in an Oregon court, and this action prevented the Oregon court from discovering his prior convictions. It was only through fingerprints that the petitioner's true identity was discovered.

Petitioner was arrested days prior to the present incident for possession of a stolen automobile in Oregon. He had prior arrests in Indiana, Ohio and West Virginia. He was wanted by the Department of Corrections in Oklahoma as a fugitive from justice from the Oklahoma State Penitentiary. He was convicted of the unauthorized use of a motor vehicle in Tom Green County, Texas. His suspended sentence was revoked and he spent time in prison both in Texas and Oklahoma. His past criminal conduct extended over a period of approximately 10 years.

I have set out in my dissent in *State v. Pettitt,* 93 Wn.2d 288, 297, 609 P.2d 1364 (1980), that a life imprisonment sentence under the habitual criminal statute does not mean life in prison. The Board of Prison Terms and Paroles has the authority to set the maximum and minimum terms a person must serve. The present rule of the Board sets the maximum for a habitual offender at 15 years and, with good behavior, a defendant will have his term reduced by one–third, and in that case the sentence would result in a 10–year maximum to be served concurrently with the sentence imposed for the crimes of which defendant was last convicted.

The petitioner in this case was advised by the court that, upon conviction of the crime for which he pleaded guilty, the maximum sentence which could be imposed was 10 years' confinement, a $10,000 fine, or both.

The petitioner lied to the prosecutor and engaged in a game of deceiving the prosecutor as to his prior criminal activities. In light of this record, assuming arguendo that the prosecutor must use prosecutorial discretion in filing habitual criminal informations, it appears to me that he has abused his discretion if he fails to file the habitual criminal information under these circumstances.

The record shows that the petitioner has not been rehabilitated by prior sentences imposed for his felonies.

I would affirm.

WRIGHT, J., concurs with ROSELLINI, J.