FILED
COURT OF APPEALS
DIVISION II

2014 JAN 22 AM 9: 18

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43462-8-II |
| Respondent, | |
| v. | |
| DARRYL AUSTIN SATCHER, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — Darryl Satcher appeals his judgment and sentence following entry of his guilty plea. Satcher pleaded guilty to one count of second degree murder with a firearm enhancement (count I) and two counts of first degree robbery (counts II and III). For the first time on appeal, Satcher argues he did not knowingly, voluntarily, and intelligently enter into the plea. Because the trial court made appropriate corrections to the plea statement, Satcher confirmed he still wished to proceed, and the record demonstrates Satcher knowingly, intelligently, and voluntarily pleaded guilty, we affirm.

## FACTS

In March 2012, the State charged Satcher with second degree murder with a firearm enhancement and two counts of first degree robbery related to his participation in a controlled substance transaction. Satcher pleaded guilty to the three charges. Satcher's plea statement is standardized per CrR 4.2(g) and contains Satcher's handwritten description of his criminal conduct, his initials throughout the statement, and his signature.

At his plea hearing, Satcher told the court that he read and understood the amended information and plea statement and that he did not have any questions for the court about the documents. Satcher's counsel also told the trial court that he read the plea statement with Satcher and Satcher read the plea statement himself.

At the plea hearing, the trial court noticed that Satcher had inadvertently stricken the firearm enhancement language for count I on the plea statement. The trial court added the firearm enhancement language, ensured Satcher understood the correction, and Satcher initialed the change. The trial court also determined the mandatory term for community custody for count I was written incorrectly. The court corrected the provision and Satcher told the trial court he understood the change.

When the trial court read the sentencing range for counts II and III (51-to-68 months), Satcher told the trial court that he thought the low end of the range was 41 months, not 51 months. The court explained that the plea contained 41-to-54 months but this writing had been stricken and replaced with 51-to-68 months. Defense counsel confirmed that he replaced 41-to-54 months with 51 to 68 months before he reviewed the plea statement with Satcher. The court gave Satcher two opportunities to suspend the plea hearing, but Satcher told the court he wanted to proceed.

Satcher initially stated he did not understand the effect of the attorneys' sentencing recommendations. The trial court explained that it was not bound by the State's or the defense's sentencing recommendations, to which Satcher responded that he understood. The plea statement, which Satcher stated he read himself and with his attorney, also states that the court is not bound by the State's or the defense's sentencing recommendations.

2

Satcher pleaded guilty to all counts. The trial court found that Satcher gave his plea knowingly, voluntarily, and intelligently, and that there was a sufficient factual basis for each count. The trial court accepted Satcher's guilty plea. Satcher timely appeals.

ANALYSIS

For the first time on appeal, Satcher argues his guilty plea violates due process because he did not make the plea knowingly, voluntarily, and intelligently. Specifically, Satcher claims the plea was not knowing, intelligent, or voluntary because (1) the firearm enhancement was mistakenly stricken from the plea statement; (2) the mandatory minimum community custody sentence for count I was listed incorrectly; (3) he did not know the standard range for robbery; and (4) he did not understand the court was not bound by either the State's or the defense's sentencing recommendations. Because the trial court corrected the deficiencies in the plea statement and Satcher clearly indicated his knowing willingness to proceed with the changed plea, we disagree.

We review de novo the circumstances under which a defendant enters a guilty plea. *Young v. Konz*, 91 Wn.2d 532, 536, 588 P.2d 1360 (1979). We also review alleged due process violations de novo. *Post v. City of Tacoma*, 167 Wn.2d 300, 308, 217 P.3d 1179 (2009). Due process requires a defendant's guilty plea to be made knowingly, intelligently, and voluntarily. *State v. Mendoza*, 157 Wn.2d 582, 587, 141 P.3d 49 (2006). An involuntary plea constitutes a manifest injustice, and a defendant may raise this claim for the first time on appeal. *State v. Walsh*, 143 Wn.2d 1, 6-8, 17 P.3d 591 (2001).

Before accepting a guilty plea, Washington courts must attain an affirmative showing the plea was given "voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." CrR 4.2(d); *State v. Ross*, 129 Wn.2d 279, 284, 916 P.2d 405 (1996). A defendant must be informed of only the plea's direct consequences. *Ross*, 129 Wn.2d at 284. Direct consequences are those that represent "'a definite, immediate and largely automatic effect on the range of the defendant's punishment.'" *Ross*, 129 Wn.2d at 284 (quoting *State v. Barton*, 93 Wn.2d 301, 305, 609 P.2d 1353 (1980)). "'The record of a plea hearing or clear and convincing extrinsic evidence must affirmatively disclose a guilty plea was made intelligently and voluntarily, with an understanding of the full consequences of such a plea.'" *State v. Johnson*, 104 Wn.2d 338, 340, 705 P.2d 773 (1985) (quoting *Barton*, 93 Wn.2d at 304).

Although Satcher alleges error regarding the direct consequences of his guilty plea, the record of the plea hearing demonstrates the trial court corrected the errors in the plea statement and confirmed Satcher was making the plea knowingly, intelligently, and voluntarily. First, Satcher was not misinformed about the firearm enhancement for count I. It was included in the amended information he read himself and with his attorney and that the trial court read to him. Though the firearm enhancement was initially stricken, the trial court corrected the mistake and Satcher initialed the correction. Satcher verbally acknowledged that the firearm enhancement would be part of his sentence and his counsel confirmed that Satcher knew it was part of his sentence. Second, when the trial court corrected the mandatory community custody sentence for count I, it ensured that Satcher understood he faced a mandatory 36 month community custody sentence for count I; which Satcher verbally confirmed he understood.

Third, although Satcher initially stated he thought the low end of the sentencing range for counts II and III was 41 months, the court clarified the correct sentencing range and defense counsel stated he had reviewed the correct sentencing range with Satcher before Satcher signed the plea statement. The court gave Satcher two opportunities to stop the plea hearing, but Satcher stated he wanted to continue with the plea with the corrected sentencing range. Fourth, after Satcher expressed confusion about the effect of the attorneys' sentencing recommendations, the trial court explained to Satcher that it was not bound by the State's or defense counsel's sentencing recommendations; which Satcher stated he understood.[1]

The colloquy at the plea hearing, together with Satcher's acknowledgment in his plea statement that he was pleading guilty to one count of second degree murder with a firearm enhancement and two counts of first degree robbery, shows Satcher had a full understanding of his plea despite the above alleged errors. The trial court corrected the mistakes within the plea statement and ensured Satcher understood the corrections and still wished to proceed. Thus, Satcher's argument that the totality of the circumstances render his plea invalid fails. "When a defendant completes a plea statement and admits to reading, understanding, and signing it," the State creates a strong presumption a guilty plea is valid. *State v. Smith*, 134 Wn.2d 849, 852 953 P.2d 810 (1998). The presumption of validity is "well nigh irrefutable" when the judge presiding over the plea hearing was satisfied of the existence of various criteria of voluntariness by making oral inquiries of the defendant. *State v. Perez*, 33 Wn. App. 258, 262, 654 P.2d 708 (1982). We affirm.

---

[1] Additionally, the plea statement, which Satcher read himself and with his attorney, clearly states that the trial court was not bound by the State's or defense's recommendations.

43462-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Maxa, J.

Schindler, J.

6