
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 75548-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRISTOPHER ILANDERS HUTTON, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 29, 2018 |
| | ) | |

LEACH, J. — Christopher Ilanders Hutton appeals his conviction for first degree murder. He challenges the voluntariness of his guilty plea on two grounds. He claims that he received misinformation about the trial court's authority to require him to register as a felony firearm offender and about the maximum sentence the court could impose. Because the applicable firearm registration requirement is a collateral, and not a direct, consequence of Hutton's guilty plea, misinformation about its application to him did not make his plea involuntary. And the court correctly informed Hutton of the statutory maximum sentence in addition to the standard range sentence. We affirm.

## FACTS

On June 11, 2015, Christopher Hutton chased Jaebrione Gary into an open apartment. Hutton pistol-whipped Gary in the head, shoved him to the ground, and shot him three times, killing him. Hutton pleaded guilty to

premeditated murder in the first degree.    On July 22, 2016, the trial court sentenced Hutton to 416 months of confinement.  Hutton appeals.

## STANDARD OF REVIEW

Generally, a party may raise on appeal only those issues raised at the trial court.[1]   But an appellant may raise an issue for the first time on appeal if it involves a manifest error affecting a constitutional right.[2]   This test, however, presupposes a trial court error.  This court must preview the merits of the claimed constitutional violation to determine whether the argument is likely to succeed.[3]   Only if an error did occur does this court address whether the error caused actual prejudice and was therefore manifest.[4]   Constitutional error is manifest when a defendant's guilty plea is involuntary because he misunderstood the sentencing consequences of his plea.[5]

## ANALYSIS

"Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent."[6]   A defendant must be informed of the direct consequences of his plea.[7]  Otherwise, his plea is involuntary.[8]

---

[1] In re Det. of Brown, 154 Wn. App. 116, 121, 225 P.3d 1028 (2010).
[2] RAP 2.5(a)(3).
[3] Brown, 154 Wn. App. at 121-22.
[4] State v. Kirkman, 159 Wn.2d 918, 935, 155 P.3d 125 (2007).
[5] State v. Mendoza, 157 Wn.2d 582, 589, 141 P.3d 49 (2006).
[6] In re Pers. Restraint of Isadore, 151 Wn.2d 294, 297, 88 P.3d 390 (2004).
[7] State v. Ross, 129 Wn.2d 279, 284, 916 P.2d 405 (1996).
[8] State v. Turley, 149 Wn.2d 395, 398-99, 69 P.3d 338 (2003).

## Registration Requirement for Felony Firearm Offenders

*A. The Trial Court Erred in Informing Hutton That the Firearm Offender Registration Requirement Did Not Apply to Him*

First, Hutton challenges the voluntariness of his guilty plea based on the fact that the trial court misinformed him that he was not a felony firearm offender and it could not require him to register. We agree with Hutton that he is a felony firearm offender and the court erred in informing him otherwise. But the registration requirement is a collateral consequence of his guilty plea. Thus, the misinformation does not make his plea involuntary.[9]

An individual convicted of a "felony firearm offense" is a "felony firearm offender"[10] A "felony firearm offense" is "[a]ny felony offense if the offender was armed with a firearm in the commission of the offense" in addition to select enumerated offenses.[11] When the legislature first enacted the felony firearm offender statute in 2013, it required that the trial court consider whether to impose the registration requirement in any circumstance in which the offender

---

[9] Although Hutton was not prejudiced, a lack of prejudice does not affect the voluntariness of Hutton's plea. "A reviewing court cannot determine with certainty how a defendant arrived at his personal decision to plead guilty, nor discern what weight a defendant gave to each factor relating to the decision." Isadore, 151 Wn.2d at 302 (declining "to adopt an analysis that requires the appellate court to inquire into the materiality of mandatory community placement in the defendant's subjective decision to plead guilty").

[10] RCW 9.41.010(8).

[11] The remaining felony firearm offenses are any felony offense that violates chapter 9.41 RCW, drive-by shooting, theft of a firearm, and possessing a stolen firearm. RCW 9.41.010(9).

committed a felony firearm offense.[12] But it provided the court with discretion to decide whether to ultimately impose the requirement.[13] The legislature amended the statute in 2016 with an effective date of June 9, 2016. This amendment added subsection (3), which requires the trial court to impose the registration requirement in certain circumstances.[14] Because Hutton pleaded guilty on April 28, 2016, the amendment did not apply to him. Thus, while the trial court had

---

[12] LAWS OF 2013, ch. 183, § 3(1); former RCW 9.41.330(1) (2013).

[13] LAWS OF 2013, ch. 183, § 3(1); former RCW 9.41.330(1) (2013).
(1) On or after July 28, 2013, whenever a defendant in this state is convicted of a felony firearm offense or found not guilty by reason of insanity of any felony firearm offense, the court must consider whether to impose a requirement that the person comply with the registration requirements of RCW 9.41.333 and may, in its discretion, impose such a requirement.
(2) In determining whether to require the person to register, the court shall consider all relevant factors including, but not limited to:
(a) The person's criminal history;
(b) Whether the person has previously been found not guilty by reason of insanity of any offense in this state or elsewhere; and
(c) Evidence of the person's propensity for violence that would likely endanger persons.

[14] LAWS OF 2016, ch. 94, § 1(3); RCW 9.41.330(3).
(3) When a person is convicted of a felony firearm offense or found not guilty by reason of insanity of any felony firearm offense that was committed in conjunction with any of the following offenses, the court must impose a requirement that the person comply with the registration requirements of RCW 9.41.333:
(a) An offense involving sexual motivation;
(b) An offense committed against a child under the age of eighteen; or
(c) A serious violent offense.

-4-

discretion to decide whether to ultimately require Hutton to register, it did not have discretion to decide whether to consider if it should impose the requirement on Hutton.

Here, Hutton pleaded guilty to first degree murder. In the plea agreement, he stipulated to the facts included in the certification for determination of probable cause and prosecutor's summary. The probable cause statement establishes that he used a firearm to pistol-whip and murder the victim. Consistent with Hutton's argument, because he was "armed with a firearm in the commission of the offense," he committed a felony firearm offense.[15] Thus, RCW 9.41.330(1) required the trial court to consider whether to impose the registration requirement on Hutton.

The record shows, however, that the court did not consider whether to require Hutton to register. In fact, Hutton's guilty plea form shows that the court affirmatively told Hutton that the requirement did not apply to him.[16] The court misinformed him that it could not require him to register as a felony firearm offender. This error, however, does not make Hutton's plea involuntary.

---

[15] RCW 9.41.010(9)(e).
[16] Both Hutton and the trial court judge initialed the paragraphs on Hutton's guilty plea form that did not apply to him. The court improperly initialed the paragraph stating that the offense was a felony firearm offense for which it could impose a registration requirement.

*B.    The Registration Requirement Is a Collateral Consequence of Hutton's Guilty Plea*

While a criminal defendant must be informed of all the direct consequences of his plea, he need not be informed of the collateral consequences.[17] "'The distinction between direct and collateral consequences of a plea turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.'"[18] Hutton asserts that the firearm registration requirement under RCW 9.41.330(1) is a direct consequence of his guilty plea because if the court had properly considered whether to impose it, it could have immediately enhanced his punishment. We disagree.

A sentencing condition is immediate if the "'effect on the range of [a] defendant's punishment'" is immediate.[19] For example, our Supreme Court has held that community placement is a direct consequence of a defendant's guilty plea, in part, because it flows immediately from the guilty plea.[20] By contrast, a discretionary habitual criminal proceeding is not immediate because it requires additional proceedings separate from the guilty plea.[21] Here, the trial court could

---

[17] State v. Ward, 123 Wn.2d 488, 512, 869 P.2d 1062 (1994).
[18] Ward, 123 Wn.2d at 512 (internal quotation marks omitted) (quoting State v. Barton, 93 Wn.2d 301, 305, 609 P.2d 1353 (1980)).
[19] Ross, 129 Wn.2d at 285 (quoting Ward, 123 Wn.2d at 512).
[20] Ross, 129 Wn.2d at 285.
[21] Ross, 129 Wn.2d at 285.

have considered a duty to register under RCW 9.41.330(1) during sentencing or in a separate proceeding. The requirement is therefore not immediate.

The duty to register under RCW 9.41.330(1) is also neither direct nor automatic. In State v. A.N.J.,[22] our Supreme Court declined to decide whether a statutory duty to register as a sex offender is a direct consequence of a plea. It held, however, that the registration obligation is "significant," "automatic," and "known" before a defendant enters his guilty plea. Although the issue remains undecided, this suggests that sex offender registration may be more akin to a direct consequence than a collateral consequence.

By contrast, the requirement to register as a felony firearm offender under RCW 9.41.330(1) is less definite and less automatic of a consequence than sex offender registration. For example, a person convicted of a sex offense must register as a sex offender.[23] But a person convicted of a felony firearm offense must register under RCW 9.41.330(1) only if the trial court exercises its discretion to impose the requirement. Thus, unlike the registration obligation for a sex offender, the registration requirement for a felony firearm offender is neither definite nor automatic. Because the registration requirement is not immediate, definite, and automatic, it is a collateral consequence of Hutton's guilty plea.

---

[22] 168 Wn.2d 91, 115, 225 P.3d 956 (2010).
[23] RCW 9A.44.130(1)(a).

Misinformation about a collateral consequence does not make a defendant's guilty plea involuntary.[24] But affirmative misinformation about a collateral consequence may create a manifest injustice and necessitate allowing withdrawal of the plea "if the defendant materially relied on that information when deciding to plead guilty."[25] Hutton, however, does not claim that the court's registration misrepresentation materially influenced his decision to plead guilty. Thus, any misinformation about registration did not make Hutton's plea involuntary and does not constitute manifest constitutional error.

## Maximum Sentence

Hutton also challenges the voluntariness of his plea based on his claim that the court misinformed him about the maximum sentence that it could have imposed. The relevant maximum sentence is a direct consequence of a defendant's guilty plea.[26] Here, the court informed Hutton that first degree murder carried a standard range sentence of 312 to 416 months and a maximum statutory term of life and a $50,000 fine. Hutton cites Blakeley v. Washington[27] to support the proposition that the maximum sentence is the "sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Hutton contends that the relevant maximum sentence is

---

[24] In re Pers. Restraint of Reise, 146 Wn. App. 772, 787, 192 P.3d 949 (2008).

[25] Reise, 146 Wn. App. at 787.

[26] State v. Weyrich, 163 Wn.2d 554, 557, 182 P.3d 965 (2008).

[27] 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

therefore the high end of the standard sentencing range that is based on the seriousness of the offense and the defendant's offender score, not the statutory maximum sentence for the offense. He maintains that because the trial court informed him of the statutory maximum for first degree murder, it misinformed him of a direct consequence and rendered his plea involuntary.

We rejected this argument in State v. Kennar.[28] "In short, CrR 4.2 requires the trial court to inform a defendant of both the applicable standard sentence range and the maximum sentence for the charged offense as determined by the legislature."[29] "The Washington Supreme Court adopted CrR 4.2 to ensure conformance to the constitutional requirement that a plea of guilty be made voluntarily, intelligently, and knowingly."[30]

This court also explained that Blakely defines "statutory maximum" for sentencing purposes, not for plea-entry purposes.[31] We noted that the standard sentencing range applicable to a defendant at the time of sentencing may be

---

[28] 135 Wn. App. 68, 143 P.3d 326 (2006).
[29] Kennar, 135 Wn. App. at 75.
[30] Kennar, 135 Wn. App. at 73.
[31] Kennar, 135 Wn. App. at 75. In Apprendi v. New Jersey, the United States Supreme Court held that for Sixth Amendment purposes, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In Blakely, the Court clarified that the facts reflected in the verdict or admitted by the defendant dictate the "statutory maximum" for Apprendi purposes. 542 U.S. at 303.

different than that stated in the guilty plea form.[32] For example, the guilty plea form advises the defendant that the sentencing range could change if the defendant is convicted of any new crimes before sentencing or if the court discovers additional criminal history.[33] Thus, the court must advise a defendant of the statutory maximum at the plea-entry stage to ensure that he is fully informed. We follow our decision in Kennar; the fact that the trial court informed Hutton of the statutory maximum is not manifest constitutional error.

## CONCLUSION

Hutton fails to show manifest constitutional error. His guilty plea was not involuntary because the court misinformed him about its authority to require him to register as a firearm offender, a collateral consequence of his plea, or because it informed him of the statutory maximum in addition to the maximum applicable term. We affirm.

Leach, J.

WE CONCUR:

Becker, J.

---

[32] Kennar, 135 Wn. App. at 75-76.
[33] Kennar, 135 Wn. App. at 76.