FILED
COURT OF APPEALS
DIVISION II

2013 JUN -4 AM 8: 57

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42851-2-II |
| Respondent, | |
| v. | |
| EDWARD CHARLES HALSTEN, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — Edward Charles Halsten appeals the trial court's denial of his motion to withdraw his guilty plea, and he also claims the trial court denied him a fair sentencing hearing when it considered matters outside the record. In his statement of additional grounds (SAG),[1] he appeals his convictions and sentence claiming defense counsel provided ineffective assistance. We affirm his convictions and sentence because the trial court did not abuse its discretion by finding that Halsten pleaded guilty knowingly, voluntarily, and intelligently and because he failed to demonstrate defense counsel's deficient performance or prejudice.

---

[1] RAP 10.10.

FACTS

In 2011, authorities arrested Halsten after he twice sold methamphetamine. Searching Halsten's car incident to arrest, officers found evidence of drug delivery. The State charged Halsten with two counts of delivering a controlled substance[2] (counts 1 and 2) and one count of possessing a controlled substance with intent to manufacture or deliver[3] (count 3). The trial court appointed Christopher Baum to represent Halsten.

The State offered to recommend a 75-month sentence if Halsten pleaded guilty to all three counts. Because count 3 involved a larger amount of methamphetamine, Halsten was ineligible for a Drug Offender Sentencing Alternative (DOSA).[4] But Baum identified a potential suppression issue in count 3 and negotiated a revised plea offer. In exchange for Halsten's guilty pleas to counts 1 and 2, the State offered to dismiss count 3, recommend an agreed 75-month sentence, and allow Halsten to request a 75-month DOSA.

Halsten accepted the State's revised offer and pleaded guilty to two counts of delivery of a controlled substance. During the plea colloquy, Halsten stated that nobody forced him to plead guilty, that he understood his rights, and that he understood that the State's sentencing recommendation did not bind the trial court. Halsten's statement on plea of guilty also informed him that the "judge does not have to follow anyone's recommendation as to sentence," and that the judge "*may* sentence [him] under the drug offender sentencing alternative." Clerk's Papers (CP) at 12, 14 (emphasis added). Further, at the plea hearing, the trial court specifically stated,

---

[2] RCW 69.50.401(1), (2)(b).

[3] RCW 69.50.401(1), (2)(b).

[4] RCW 9.94A.660.

"[T]he sentencing judge . . . is free to give you any sentence the judge feels is appropriate . . . [t]hat includes not accepting the DOSA." Verbatim Report of Proceedings (VRP) (Sep. 29, 2011) at 9. Halsten indicated that he understood.

During a presentence DOSA evaluation, Halsten told the Department of Corrections (DOC) evaluator that he used methamphetamine at least daily and that he had sold drugs for 10 years. The DOSA evaluation concluded that the likelihood of Halsten's DOSA program success was very minimal.

The day the DOC evaluator filed the DOSA evaluation with the trial court, Halsten asked to withdraw his plea because Baum had coerced him into pleading guilty. Baum then withdrew as Halsten's attorney and Halsten received new counsel. At the plea withdrawal hearing, Halsten argued that he only pleaded guilty because Baum led him to believe, under false pretenses, that going to trial was the "wrong thing to do." VRP (Nov. 30, 2011) at 10. Halsten stated that Baum never answered any questions about his case and only told him to accept the plea offer. During cross-examination at the plea withdrawal hearing, Halsten stated that Baum told him that he had the right to go to trial, but Halsten did not wish to go to trial with incompetent counsel. Halsten also stated that he did not have a drug problem.

After Halsten's cross-examination, the trial court asked him several questions. In response, Halsten admitted that he lied at the plea hearing when he stated that he was not being forced to plead. He also testified that he lied when he stated that the fact statement on the plea form was his statement.

Baum testified at the plea withdrawal hearing that he had discussed Halsten's options with him before the guilty plea hearing. Baum explained that he had advised Halsten that the

plea offer was probably safer because of Halsten's criminal history and the risk of taking the case to trial.

The trial court denied Halsten's motion to withdraw his guilty plea. The trial court stated that Halsten's testimony was not credible because he had repeatedly lied. Proceeding to sentencing, the State sought two concurrent 75-month sentences and opposed the DOSA, agreeing with the DOC recommendation that a DOSA would be ineffective under the circumstances. Halsten requested a DOSA, or alternatively, the agreed recommendation of 75 months. The trial court imposed two concurrent 96-month sentences largely because Halsten lied to the court at the plea withdrawal hearing, at the sentencing hearing, and during the DOSA evaluation. The court also stated that Halsten is a drug dealer that profits from the transactions. Halsten timely appeals.

## ANALYSIS

### I. KNOWING, INTELLIGENT, AND VOLUNTARY PLEA

First, Halsten argues the trial court denied him due process when it denied his motion to withdraw his guilty plea because he did not plead knowingly, voluntarily, and intelligently due to Baum's coercion. Specifically, Halsten claims that he did not plead knowingly and voluntarily because Baum's "lack of preparation" coerced Halsten into "taking a plea bargain that he did not want to enter." Br. of Appellant at 16. We disagree.

We will set aside the trial court's exercise of discretion in reviewing a motion to withdraw only upon a clear abuse of discretion. *State v. Olmsted*, 70 Wn.2d 116, 118, 422 P.2d 312 (1966). According to CrR 4.2(f), a court "shall allow" a defendant to withdraw his guilty plea when it is "necessary to correct a manifest injustice." The defendant must meet the

4

"demanding" standard of showing that a manifest injustice exists. *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974).

To support his argument, Halsten relies on *State v. Kissee*, 88 Wn. App. 817, 947 P.2d 262 (1997) and *State v. Walsh*, 143 Wn.2d 1, 17 P.3d 591 (2001). But here, unlike in *Kissee* and in *Walsh*, there was no mistake of fact. In *Kissee*, we allowed Kissee to withdraw his guilty plea, concluding that he pleaded involuntarily because he was mistakenly told that he was eligible for a Special Sexual Offender Sentencing Alternative. 88 Wn. App. at 822. In *Walsh*, the defendant pleaded guilty based on mistaken information as to the length of his standard range sentence. 143 Wn.2d at 4. Our Supreme Court held that the defendant was entitled to withdraw his plea because his plea was not voluntary due to the mistake. *Walsh*, 143 Wn.2d at 9-10. Because here, Halsten does not show a mistake, *Kissee* and *Walsh* are inapposite and do not support Halsten's argument that he should be allowed to withdraw his guilty plea.

The defendant's high burden of proof requires more evidence than "a mere allegation by the defendant." *State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984). In *Osborne*, one of the defendants moved to withdraw his guilty plea, stating that he pleaded involuntarily because his wife threatened to commit suicide if he went to trial. 102 Wn.2d at 92, 96-97. Our Supreme Court determined that because the defendant had "specifically stated, several times during the plea proceedings, that his guilty plea was voluntary and free of coercion," these statements on the record constituted "'highly persuasive' evidence of voluntariness" that required more than just a "mere allegation of the defendant" to be overcome. *Osborne*, 102 Wn.2d at 97.

Similarly, Halsten made several specific indications during his plea hearing that his plea was voluntary and free of coercion. Like the defendant in *Osborne*, Halsten presents nothing to

5

overcome this "'highly persuasive' evidence of voluntariness" other than his allegation that Baum had coerced Halsten into pleading by convincing Halsten that trial was inadvisable. 102 Wn.2d at 97. Halsten fails to demonstrate that the trial court clearly abused its discretion in denying his motion to withdraw his guilty plea.

## II. RIGHT TO FAIR TRIAL

Halsten next argues that the trial court violated his constitutional right to a fair trial because it lacked impartiality when the trial court acted as an "advocate for one side of the controversy," made biased comments at sentencing and considered evidence not in the record at sentencing. Br. of Appellant at 22.

We disagree that the trial court was biased and that it considered facts not in the record, and accordingly we affirm Halsten's sentence. "[A]dministration of justice is dependent upon the impartiality, disinterestedness, and fairness on the part of the judge." *State ex rel. McFerran v. Justice Court of Evangeline Starr*, 32 Wn.2d 544, 549, 202 P.2d 927 (1949). Therefore, judges must not only be impartial, but also appear impartial. *State v. Bilal*, 77 Wn. App. 720, 722, 893 P.2d 674, *review denied*, 127 Wn.2d 1013 (1995). The defendant has the burden of establishing bias through sufficient evidence. *State v. Dominguez*, 81 Wn. App. 325, 329-30, 914 P.2d 141 (1996). In order to maintain the appearance of fairness, we decide whether a reasonably prudent and disinterested observer would conclude that the proceedings were fair, impartial, and neutral. *Bilal*, 77 Wn. App. at 722.

Halsten's evidence of impartiality consists merely of the fact that the trial court sentenced Halsten beyond the agreed sentence recommendation as well as a short series of questions that the judge asked Halsten at the motion hearing to gauge Halsten's credibility. Here, Halsten put

his credibility at issue when he moved to withdraw his plea because he claimed Baum coerced him into the plea after expressly stating earlier that he had pleaded voluntarily. The trial court questioned Halsten to obtain a clear answer and discern the actual circumstances of his guilty plea. Moreover, RCW 9.94A.530(1) allows the trial court to impose any sentence within the standard range, and the trial court did not sentence Halsten beyond his standard range. Accordingly, Halsten does not meet his burden of providing sufficient evidence to establish bias.

Halsten next argues that the trial court violated his right to a fair trial by considering evidence outside the record. At sentencing, the trial court stated, "[Halsten] is a drug dealer. He profits from that." VRP (Nov. 30, 2011) at 43. Halsten contends that these statements "illustrate[] the court's lack of impartiality" because there was "no evidence in the record to support these conclusions." Br. of Appellant at 23. This argument fails. During sentencing, a judge "shall consider the . . . presentence reports." RCW 9.94A.500(1).[5] During his presentence DOSA evaluation, Halsten indicated that his drug and alcohol problems were "extremely" serious and that he had been "dealing drugs in Oregon and Washington for over 10 years." CP at 22, 24. He also stated that he "sold drugs because the money was too good to pass up." CP at 22. The DOSA evaluation was part of the court record at sentencing. Under RCW 9.94A.530(2), the trial court did not err by considering the evidence in the presentence evaluation.

[5] On May 17, 2011, this court held RCW 9.94A.500(1) unconstitutional "as applied when used to relieve the State of its burden of proof at sentencing" regarding the defendant's criminal history. *State v. Hunley*, 161 Wn. App. 919, 929, 253 P.3d 448 (2011), *aff'd*, 175 Wn.2d 901, 287 P.3d 584 (2012). However, the statute remains valid for our purposes because this case does not concern criminal history as evidence at sentencing.

Moreover, RCW 9.94A.530(1) provides that a sentencing court "may impose any sentence within the [standard] range that it deems appropriate." Accordingly, the trial court enjoys almost completely unfettered discretion in imposing standard range sentences, even standard range sentences lengthened because a defendant committed perjury. *See State v. Herzog*, 112 Wn.2d 419, 423-24, 771 P.2d 739 (1989) (citing *United States v. Grayson*, 438 U.S. 41, 98 S. Ct. 2610, 57 L. Ed. 2d 582 (1978)).[6]

Given this wide latitude in determining how to impose standard range sentences, the trial court did not err when it sentenced Halsten beyond the State's recommendation "largely" because Halsten had lied to the court either during the guilty plea hearing, which Halsten admitted doing, or at the plea withdrawal hearing. VRP (Nov. 30, 2011) at 43; RCW 9.94A.530(2). Therefore, because we acknowledge the wide latitude the trial court enjoys in imposing standard-range sentences, we affirm the trial court's sentence here. *See Herzog*, 112 Wn.2d at 423-24.

### III. EFFECTIVE ASSISTANCE OF COUNSEL

Halsten also raises numerous ineffective assistance claims in his SAG. Each of his arguments fail. Halsten must show that (1) counsel's conduct was deficient; and (2) the

---

[6] In *Grayson*, the Court affirmed a trial court's sentence within statutory limits after the trial court considered the defendant's false testimony that it observed during trial. 438 U.S. at 53. The Court held that taking a defendant's false testimony into account at sentencing did not violate due process by punishing the defendant for perjury, for which the defendant had not been charged or convicted. *Grayson*, 438 U.S. at 53. Three Justices dissented, arguing that the trial court erred in holding a perceived lack of truthfulness against Grayson, without a determination that his testimony was false. *Grayson*, 438 U.S. at 55 (Powell, J., dissenting). Like *Grayson*, here the trial court did not violate Halsten's due process in imposing a standard range sentence after considering Halsten lied; and further, unlike *Grayson*, here Halsten admitted to lying, adding support to the trial court's consideration of his untruthfulness.

8

defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). When reviewing the claim that counsel was deficient, "courts will indulge in a strong presumption of reasonableness." *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). In order to show prejudice, the defendant must demonstrate that it is reasonably probable that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If the ineffective assistance claim fails on one prong, "the court need not address the other prong." *State v. Staten*, 60 Wn. App. 163, 171, 802 P.2d 1384, *review denied*, 117 Wn.2d 1011 (1991).

First, Halsten argues that Baum provided ineffective assistance because Baum coerced Halsten into pleading guilty by telling him it was in Halsten's "best interest that [Halsten] should accept this [p]lea to the DOSA treatment [p]rogram." SAG at 1. Halsten asserts that he was "misinformed of the consequences" of the plea because he was unaware that the trial court did not have to "accept [his] DOSA," and that he "only pled to DOSA and in the alternative to 75 [m]onth [p]rison [s]entence." SAG at 2.

Halsten's arguments lack merit. At his initial plea hearing, the trial court informed Halsten that it was not bound by any recommendations and specifically told him that it did not have to impose the DOSA. Halsten also signed the statement of defendant on plea of guilty, which clearly stated that the sentencing judge had discretion and was free to impose any sentence within the standard range. The record does not support Halsten's claims that he was misinformed about the consequences of his plea. Therefore, Halsten's claim that his plea was involuntary because Baum provided ineffective assistance fails because Halsten cannot

demonstrate Baum's deficient performance. Since Halsten fails to prove deficient performance, we need not address whether he suffered prejudice. *Staten*, 60 Wn. App. at 171.

Next, Halsten argues that Baum provided ineffective assistance by failing to move to reduce bail. Even if Halsten could show that Baum's conduct was deficient, he nevertheless fails to show how Baum's failure to request a bail reduction caused prejudice. Accordingly, Halsten cannot demonstrate ineffective assistance. *See Staten*, 60 Wn. App. at 171.

Next, Halsten argues that Baum was incompetent and unprofessional. But defense counsel's unprofessional conduct usually does not constitute ineffective assistance. In *State v. Warnick*, a defendant alleged ineffective assistance because defense counsel only talked with her twice, failed to call exculpatory witnesses, and stated that he had "something else to do" if her case was continued. 121 Wn. App. 737, 745-46, 90 P.3d 1105 (2004). The defendant only made a "bare allegation" and "show[ed] no deficient performance in that regard." *Warnick*, 121 Wn. App. at 746. Division Three of this court found that counsel's conduct did not constitute ineffective assistance because the defendant failed to demonstrate that (1) her counsel's conduct was deficient; and (2) she had been prejudiced as a result. *Warnick*, 121 Wn. App. at 746. Similarly, here, Halsten asserts that Baum's conduct constitutes ineffective assistance because Baum was argumentative, uncooperative, and disrespectful, "as if he honestly [did] not care." SAG at 3. Like *Warnick*, here Halsten cannot demonstrate that Baum's conduct was deficient or that any deficiency prejudiced Halsten.

Next, Halsten argues that Baum was ineffective because Baum failed to move to suppress certain evidence found in Halsten's vehicle. Failure to move to suppress evidence is not per se deficient representation. *State v. McFarland*, 127 Wn.2d 322, 336-37, 899 P.2d 1251 (1995).

No. 42851-2-II

The defendant must show "absence of legitimate strategic or tactical reasons supporting challenged conduct of counsel." *McFarland*, 127 Wn.2d at 336. Baum knew that a DOSA was an option, but the large amount of methamphetamine involved in count 3 made Halsten ineligible. Using the suppression issue as leverage, Baum negotiated count 3's dismissal, making Halsten DOSA eligible. Baum's failure to move to suppress this evidence was not incompetent inaction but strategic negotiation. Accordingly, Halsten fails to show deficient performance.

Finally, Halsten argues that Baum failed to provide adequate representation at sentencing. Halsten identifies Baum by Baum's full name and Washington State Bar Association number. Halsten's assertions completely lack merit because Baum was not Halsten's counsel at sentencing; Baum withdrew as counsel on October 13, 2011, and Halsten was sentenced on November 30, 2011.

We affirm Halsten's convictions and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Quinn-Brintnall, J.

Bjorgen, J.

11