# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 82026-5-I |
| Respondent, | |
| v. | DIVISION ONE |
| BRANDON TIMOTHY GATES, | UNPUBLISHED OPINION |
| Appellant. | |

APPELWICK, J. — Gates entered a guilty plea pursuant to an agreement that included the State's recommendation that he serve the remainder of his sentence on electronic home monitoring at the discretion of the DOC. Gates moved to withdraw his plea when the DOC refused his request for EHM, but the court denied his request. On appeal, Gates argues his guilty plea was not knowing, intelligent, and voluntary because it was based on a mutual mistake about his eligibility for EHM. We reverse.

## FACTS

The State charged Brandon Gates with three counts of domestic violence felony violation of a court order. Gates also faced additional charges under a separate cause number. Gates represented himself and negotiated a global plea agreement. In exchange for a guilty plea on one count of tampering with a witness-domestic violence, the State agreed to dismiss the other charges from the two cases and recommend a standard range sentence of 29 months of confinement.

The State also agreed to recommend Gates serve his sentence on "GPS [(global positioning system)] Electronic Home Monitoring at the direction of the Department of Corrections." Gates had court appointed standby counsel for the limited purpose of reviewing the disposition documents related to his plea.

According to Gates, he would accept a plea agreement only if he could be free on electronic home monitoring (EHM). In her dealing with Gates, the prosecutor "was very clear that . . . she could only recommend home monitoring as part of his sentence" and that EHM was at the discretion of the Department of Corrections (DOC). She cautioned Gates that EHM "was not guaranteed."

The trial court accepted Gates's plea and the State's recommended sentence. Gates was sentenced to 29 months confinement with the judgment and sentence specifying that he "may serve the remaining balance of his sentence on GPS Electronic Home Monitoring or its equivalent, at the direction of the Department of Corrections."

Two week after Gates began serving his prison sentence in a DOC facility, he sent a kite[1] inquiring about his release on EHM. "I was awarded (EHM) inside of my Judgment [and] Sentenc[e], I would like to know how do we expedite this process." The prison responded, "No it does not give you credit for EHM. It states defendant may serve the remaining balance of his sent[ence] or its equivalent at the direction of [the] DOC. So you are serving your time here in prison."

---

[1] A "kite" is a form used in prison for communications from inmates to prison staff.

Gates filed pro se motions to arrest his judgment and sentence and to withdraw his guilty plea, alleging that the State and standby counsel manipulated him to plead guilty knowing he would not receive EHM. Representing himself at oral argument, Gates requested specific performance of the plea agreement or to withdraw the plea agreement. The court noted that Gates had been informed that the State's recommendation of EHM was not binding on either the court or DOC. "I believe that you wanted a certain thing, but you didn't get it. They only recommended that you could have electronic home monitor, but you were advised that it might not happen, and you were advised that I didn't have to follow it." The court denied the motions to withdraw.

Gates appeals.

DISCUSSION

Gates argues he should be allowed to withdraw his guilty plea due to the parties' mistaken belief as to his eligibility for EHM. We agree.

Due process requires that a defendant enter a guilty plea knowingly, intelligently, and voluntarily. State v. Weyrich, 163 Wn.2d 554, 556-57, 182 P.3d 965 (2008). A defendant must be informed of all direct consequences of the plea. In re Pers. Restraint of Isadore, 151 Wn.2d 294, 298, 88 P.3d 390 (2004). This includes the availability of sentencing alternatives. See State v. Kissee, 88 Wn. App. 817, 822, 947 P.2d 262 (1997); State v. Adams, 119 Wn.2d 373, 376-77, 82 P.3d 1195 (2003); In re Pers. Restraint of Fonseca, 132 Wn. App. 464, 468, 132 P.3d 154 (2006). "A defendant does not knowingly plead guilty when he bases that plea on misinformation regarding sentencing consequences." State v.

3

Robinson, 172 Wn.2d 783, 790, 263 P.3d 1233 (2011). A defendant may challenge the voluntariness of a plea based on this misinformation on a direct sentencing consequence. Weyrich, 163 Wn.2d at 557.

A court must allow a defendant to withdraw a guilty plea when necessary to correct a manifest injustice. CrR 4.2(f); In re Pers. Restaraint of Stockwell, 179 Wn.2d 588, 595, 316 P.3d 1007 (2014). A motion to withdraw a plea after entry of judgment is governed by CrR 7.8 which allows the court to relieve a party from final judgment for reasons including mistake, newly discovered evidence, or any other reason justifying relief. Stockwell, 179 Wn.2d at 595. We review a trial court's order on a motion to withdraw a guilty plea for abuse of discretion. State v. Lamb, 175 Wn.2d 121, 127, 285 P.3d 27 (2012). A court abuses its discretion when its decision is based on untenable grounds or reasons. Id.

Gates accepted the plea agreement with the understanding that he was eligible to receive EHM for the remaining months of his sentence at DOC's discretion. EHM is a "program of partial confinement." RCW 9.94A.030(29). By definition, partial confinement may last "no more than one year." RCW 9.94A.030(35). The Sentencing Reform Act of 1981, provides, "[a]lternatives to total confinement are available for offenders with sentences of one year or less." RCW 9.94A.680; State v. Law, 154 Wn.2d 85, 105, 110 P.3d 717 (2005). A sentence with a term of confinement of more than one year must be served in prison except under very limited circumstances. RCW 9.94A.190(1).

Based on these statutes, the 29 month sentence recommended as part of the plea deal made him ineligible for EHM. The State argues Gates knew that the

DOC had discretion and "was never 'assured' he would receive EHM." But, Gates bargained for and accepted a plea agreement in which he had a chance for partial confinement on EHM. This chance never existed. Therefore, Gates's plea was based on misinformation and was not knowing, intelligent, and voluntary.

Gates, the State, and standby counsel were all mistaken as to Gates's eligibility for EHM. As a result of this mutual mistake, Gates's guilty plea was involuntary and he is entitled to withdraw the plea. State v. Carreno-Maldonado, 135 Wn. App. 77, 89, 143 P.3d 343 (2006). The trial court's denial of Gates's motion to withdraw his plea was an abuse of discretion.[2]

Reversed.[3]

_Appelwick, J._

WE CONCUR:

_Andrus, A.C.J._    _Mann, C.J._

---

[2] We note that Gates entered a global plea which included dismissal of several charges from different causes of action. Withdrawal of that plea allows for reinstatement of all of the original charges. State v. Carreno-Maldonado, 135 Wn. App. 77, 89, 143 P.3d 343 (2006).

[3] In light of this decision, we do not address the additional arguments raised by the appellant.